2001 OK CIV APP 114

The FRANCES M. ROSEN
IRREVOCABLE TRUST,
Appellant,

v.

STATE of Oklahoma ex rel. OKLAHOMA
TAX COMMISSION, Appellee.

No. 95931.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Aug. 17, 2001.

William J. Robinson, Oklahoma City, OK, for Appellant.

Douglas B. Allen, J.L. Miller, Oklahoma Tax Commission, Oklahoma City, OK, for Appellee.

## OPINION

CARL B. JONES, Judge:

¶ 1 Appellant, the Frances M. Rosen Irrevocable Trust (Trust), appeals from a final order of Appellee, Oklahoma Tax Commission (OTC), which denied the Trust's refund claims as a nonresident trust. The Trust's protest was submitted on a joint stipulation of facts. The Trust was created and executed in Oklahoma City in 1990 by Frances M. Rosen, a resident of Oklahoma, as Settlor and Susan Michelson, a resident of Colorado, as Trustee. Prior to 1994, both the Settlor and Trustee moved to the State of Nevada and currently reside in Nevada. Due to the relocation of the domicile of the Settlor and Trustee of the Trust, the Trust claimed a refund for the 1994, 1995 and 1996 taxable years as the Trust is now a "nonresident trust." The OTC denied the claims for the refund. The Trust filed a formal protest and the matter was submitted to an administrative law judge on stipulations and briefs.

¶ 2 The administrative law judge found the Trust was irrevocable and had a separate existence from the grantor. Additionally, the Trust expressly provided it would be governed by Oklahoma laws. Relying upon *68 O.S. Supp.1996 § 2353* (6), the administrative law judge found the Trust was a resident trust requiring the Trust to file an Oklahoma Fiduciary Income Tax Return and pay taxes accordingly. The OTC adopted the administrative law judge's Findings, Conclusions and Recommendations. The Trust appeals.

¶ 3 The issue is whether the Trust is a "resident trust" and required to file an Oklahoma Fiduciary Income Tax return.

The appellate court will review the entire record made before an administrative agency acting in its adjudicatory capacity to determine whether the findings and conclusions set forth in the agency order are supported by substantial evidence. An adjudicatory order will be affirmed on appeal if the record contains substantial evidence in support of the facts upon which the decision is based and the order is otherwise free of error. *Dugger v. State ex rel. Oklahoma Tax Commission,* 1992 OK 105, 834 P.2d 964, 968.

¶ 4 The Trust asserts legal title to the trust is vested in the Trustee and because the Trustee has changed her domicile then the Trust's domicile has also been changed. We do not agree. The Trust provides:

> "This trust indenture shall be construed and regulated according to the laws of the State of Oklahoma where it is made and where it is to be enforced."

As stipulated, the trust is irrevocable. Pursuant to *68 O.S. Supp.1996 § 2353* (6), three categories comprise a resident trust: 1) a trust consisting of property transferred by a will of a decedent domiciled in this state; 2) a trust consisting of property of a person domiciled in this state if the trust is revocable; and, 3) a trust consisting of property of a person domiciled in this state at the time the property was transferred to the trust if the trust is irrevocable or the person was domiciled in this state at the time the trust became irrevocable. Clearly, the Trust meets the requirements enunciated in the third category of resident trusts as the Settlor was domiciled in this state at the time the property was transferred to the irrevocable trust.

¶ 5 The Trust argues Oklahoma may only tax income derived from sources in Oklahoma. The OTC's ruling clarified no individual income tax filing is required by the Trustee or Settlor. However, this irrevocable trust was created in Oklahoma and by its own terms requires the trust to be construed and regulated by the laws of Oklahoma. This is analogous to a business which operates in Oklahoma but is incorporated in another state. The business must comply with the laws in the state in which it is incorporated as well as the laws of the state in which it operates. Accordingly, this matter is affirmed.

¶ 6 AFFIRMED.

¶ 7 ADAMS, P.J., and JOPLIN, J., concur.